# Bila v. Woodlawn Building & Loan Association

*Neish & Albaugh,* for plaintiffs.

*Craig & Ruffner,* for defendants and petitioner.

SOHN, P. J., July 29, 1965.—Charles Bila is plaintiff in an action brought against Woodlawn Building and Loan Association and Mellon National Bank and Trust Company, defendants.

The action was instituted to recover the value of optional payment shares of stock in the defendant Building and Loan Association, and to recover damages for an alleged conversion and embarrassment and inconvenience.

The records of the Building and Loan Association indicate that the stock was registered in the names of Charles Bila and Evia Bila, husband and wife. The wife was committed to Torrance State Hospital by

order of court in 1941, and she has been detained since her committment. A check for the value of the stock was issued to Charles Bila and Evia Bila. Subsequently, the Building and Loan Association, upon learning of the wife's committment, stopped payment on the check. Charles Bila presented the check to defendant Mellon Bank, and an employe refused to honor the check and so indicated on the check. Plaintiff alleges that the Building and Loan Association has converted the money and property to its own use. He seeks to recover the value of the stocks and damages for the alleged conversion.

Defendants have not filed an answer to the complaint. Subsequently it filed a petition for an interpleader, in which it admitted its willingness and ability to pay the value of the stock. It seeks a determination of the ownership of the stock as between Charles Bila and Evia Bila. Plaintiff resists the granting of an interpleader, contending that it would impair plaintiff's claim for damages other than for the value of the stock.

Plaintiff contends that the Building and Loan Association should have opened the account in the name of Charles Bila or Evia Bila.

We are here concerned only with the propriety of the interpleader.

We conclude that the issue can be resolved on the pleadings. The answer to the petition, in our opinion, is not sufficient to require us to deny the prayer of the petition.

Pennsylvania Procedural Rule 2306(c) 3 provides that "The court shall not deny the petition merely because . . . (3) the plaintiff and the claimants do not assert the identical right or demand the identical relief of the defendant; . . . ." In 4 A Anderson Pa. Civ. Prac. §2303 the following statement appears:

"It is not necessary that the adverse claimant assert a claim which is adverse as to all of the plaintiff's claim. It is sufficient that the defendant may be exposed to multiple liability as to part of the plaintiff's claim, or to some of the plaintiff's claims. The test of the propriety of interpleader is the mutual inconsistency of the claims asserted and the danger that the defendant will be exposed to double liability. It is immaterial that the same claims or same relief is not demanded by all claimants."

Charles Bila seeks recovery for the value of the stock and damages for detention. A claim on behalf of Evia Bila would relate only to her interest in the value of the stock as a possible tenant by the entireties. Consequently, they would not assert identical rights or demands. However, defendant Building and Loan Association concedes prospective liability for part of the claim of Charles Bila and all of the claim of Evia Bila. It is our conclusion that this is exactly the type of situation in which interpleader proceedings should be allowed.

We are not convinced that interpleader proceedings would impair the rights of plaintiff, Charles Bila. At this stage of the action it seems to us that in either event, upon trial, the jury would have before it all the evidence relating to the entire transaction. This evidence on the part of the Building and Loan Association would indicate an admission of liability for the value of the shares of stock to someone. As to the value of the stock, the only issue raised by the Building and Loan Association relates to the legal ownership of it.

## Order

And now, to wit, July 29, 1965, the petition of Woodlawn Building and Loan Association is granted, and Evia Bila is added to the record as a party plaintiff and enjoined from commencing or further prosecuting any action in any court against Woodlawn Building and

Loan Association to enforce in whole, or in part, any claim against it set forth in said petition, except as a party to the above entitled action.

Now, therefore, we command you, the Sheriff of the County of Beaver, to direct the claimant, Evia Bila, whose address is Torrance State Hospital, Torrance, Pennsylvania, to file in the above entitled action in the office of the prothonotary of the Court of Common Pleas of Beaver County, Pennsylvania, a complaint within twenty (20) days after being served with copies of the petition for interpleader, and this order and all pleadings heretofore filed in the above entitled action if said service was made within your county or within thirty (30) days of said service if said service was made within any other county of this Commonwealth.